UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| VERMILLION AREA CHAMBER OF COMMERCE AND DEVELOPMENT COMPANY,<br><br>            Plaintiff,<br><br>    vs.<br><br>EAGLE CREEK SOFTWARE SERVICES, INC., a Minnesota Corporation, KEN BEHRENDT, KEVIN BURKHART, BOB DILLON, and LAURA BEHRENDT,<br><br>            Defendants. | 4:15-CV-04158-KES<br><br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff, Vermillion Area Chamber of Commerce and Development Company (VCDC), moves for an order remanding the case to Clay County Circuit Court, in the First Judicial District. Docket 6. VCDC also moves to strike portions of an affidavit filed by one of defendants' attorneys, Michael E. Obermueller. Docket 17. Defendants resist the motions. For the following reasons, the motions are denied.

## BACKGROUND

VCDC is a non-profit corporation that operates in Vermillion, South Dakota. Eagle Creek is a technology company, and its principal place of business is located in Eden Prairie, Minnesota. Ken Behrendt, Laura Behrendt, Kevin Burkhart, and Bob Dillon are Minnesota residents and shareholders of Eagle Creek.

The dispute stems from negotiations among VCDC, Eagle Creek, and the State of South Dakota through the Governor's Office of Economic Development (GOED). While specific details are not before the court, the negotiations considered an arrangement where Eagle Creek would expand its South Dakota business operations into Vermillion, South Dakota, in exchange for certain monetary benefits to aid in the expansion. The parties also agreed that VCDC would construct a building that it would lease to Eagle Creek. On June 13, 2013, VCDC and Eagle Creek signed a written agreement memorializing the terms of the lease.

VCDC initiated this action against Eagle Creek in state court on October 27, 2014, by serving the summons and complaint on CT Corporation System in Pierre, South Dakota. CT Corporation was the registered agent for Eagle Creek at the time. The complaint alleged claims for breach of contract and detrimental reliance. Due to communication errors between Eagle Creek and CT Corporation, Eagle Creek did not receive actual notice of the lawsuit from CT Corporation. Instead, an Eagle Creek employee noticed a newspaper article that was published on December 8, 2014, that indicated VCDC had moved for default judgment against Eagle Creek.

After Eagle Creek successfully obtained additional time to respond to the complaint from the state court, the parties conducted discovery. Both parties submitted and responded to requests for admissions, production of documents, and interrogatories. The parties also deposed multiple people. VCDC deposed three Eagle Creek representatives: Kurt Egertson, Ken Behrendt, and Jeff

Brusseau. Eagle Creek deposed four VCDC representatives: Nate Welch, Paul Preister, Sheila Gestring, and Steve Howe. Eagle Creek also deposed five GOED representatives.

Both parties also sought final adjudication of the lawsuit through motions for summary judgment. VCDC filed a motion for summary judgment on May 11, 2015. Eagle Creek filed a motion for summary judgment on September 14, 2015. Approximately one week prior to the hearing scheduled to address both motions for summary judgment, the parties entered into a stipulation that allowed VCDC to amend its complaint. VCDC filed its amended complaint on October 5, 2015.

The amended complaint added as named defendants the four shareholders of Eagle Creek: Ken Behrendt, Laura Behrendt, Kevin Burkhart, and Bob Dillon. In addition to the original causes of action, the amended complaint alleged claims of fraud and deceit and sought to pierce the corporate veil to subject the shareholders to personal liability. On October 13, 2015, the individual shareholders, with written consent from Eagle Creek, filed notice of removal of the action to this court pursuant to 28 U.S.C. §§ 1441(a) and 1446. Defendants relied upon diversity of citizenship as the basis for this court's jurisdiction under 28 U.S.C. § 1332. VCDC moves to remand the case to Clay County Circuit Court in the First Judicial District of South Dakota.

**STANDARD OF REVIEW**

The party invoking federal jurisdiction bears the burden of establishing that all the prerequisites for jurisdiction are satisfied. *Hatridge v. Aetna Cas. &*

*Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). "Federal courts are to 'resolve all doubts about federal jurisdiction in favor of remand' " because removal statutes are construed strictly. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

## DISCUSSION

### I. Motion to Strike.

VCDC moves to strike portions of an affidavit that Attorney Obermueller filed in support of defendants' opposition to the motion to remand. VCDC asserts that the affidavit is "replete with inadmissible hearsay, legal conclusions, speculation, conjecture, and statements lacking personal knowledge of which the affiant is not qualified to testify." Docket 17 at 2. VCDC relies upon Federal Rule of Civil Procedure 56(e) and *McSpadden v. Mullins*, 456 F.2d 428, 430 (8th Cir. 1972), to support its motion. *Id.*

The court finds that VCDC cites insufficient grounds for granting the motion to strike. Rule 56 and *McSpadden* consider the propriety of affidavits filed in connection with a motion for summary judgment. VCDC offers no argument detailing how the standard for a motion for summary judgment applies to a motion to remand.[1] Thus, the motion is denied.

---

[1] VCDC expands significantly upon its arguments in its reply brief. The court declines to consider the new arguments offered in the reply brief because the defendants do not have an opportunity to respond. *See Barham v. Reliance Standard Life Ins. Co.*, 441 F.3d 581, 584 (8th Cir. 2006) ("As a general rule, we will not consider arguments raised for the first time in a reply brief."). The court notes, however, that it resolves the motion to remand based upon generally undisputed facts cited in the briefs for both plaintiff and defendants.

## II.     Motion to Remand.

A defendant's right of removal is governed by 28 U.S.C. §§ 1441 and 1446. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]" 28 U.S.C. § 1441(a). Removal is accomplished by "fil[ing] in the district court of the United States for the district and division within which such action is pending a notice of removal[.]" 28 U.S.C. § 1446(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief[.]" 28 U.S.C. § 1446(b)(1). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). Pursuant to the rule of unanimity, all co-defendants must consent to a notice of removal. *See Marano Enters. of Kan. v. Z-Teca Rest., L.P*, 254 F.3d 753, 757 (8th Cir. 2001). If the defendants cannot satisfy the rule of unanimity, remand is appropriate. *See Push Pedal Pull, Inc. v. Casperson*, 971 F. Supp. 2d 918, 928 (D.S.D. 2013).

A defendant can waive its right of removal to federal court: "A defendant waives the right to remove by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." *PR Grp., LLC v.*

*Windmill Int'l, Ltd.*, 792 F.3d 1025, 1026 (8th Cir. 2015) (citations omitted). "Such waiver must be clear and unequivocal." *Id.* "The right of removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits." *Shannon v. Church Mut. Ins. Co.*, 2015 WL 5444790, at *2 (E.D. Mo. Sept. 15, 2015) (quoting *PR Grp.*, 792 F.3d at 1026).

It does not appear that the Eighth Circuit has addressed a scenario where a newly-added defendant, who was served with an amended complaint after approximately one year of litigation, files a notice of removal. The Eighth Circuit has stated, however, that "later-served defendants in this case had thirty days from the date of service on them to file a notice of removal with the unanimous consent of their co-defendants, even though the first-served co-defendants did not file a notice of removal within thirty days of service on them." *Marano*, 254 F.3d at 757. In making such a holding, the Eighth Circuit recognized a co-defendant's ability to consent to removal despite waiving its own right of removal. *Id.* A district court in Minnesota also recognized this distinction: "A first-served defendant can waive its right to removal by not removing a case within 30 days of being served, but it nevertheless retains the right to consent to a later-served defendant's notice of removal." *Medtronic, Inc. v. Endologix, Inc.*, 530 F. Supp. 2d 1054, 1058 (D. Minn. 2008).

VCDC argues that the court should remand the case because the defendants cannot satisfy the unanimous consent requirement for proper removal. VCDC asserts that Eagle Creek's decision to file a counter claim and a

motion for summary judgment in state court constitutes not only a waiver of its right to remove but also a waiver of its right to consent to removal.

VCDC first relies upon the South Dakota District Court decision in *Casperson*, 971 F. Supp. 2d at 928-29, to support its position. In *Casperson*, the named defendants were 2nd Wind Exercise Equipment, Inc., and Casperson, who was a former employee of the plaintiff. *Id.* at 921. Casperson had signed a non-compete agreement with the plaintiff, Push Pedal Pull, Inc., that included a forum selection clause mandating that any dispute stemming from the agreement would be litigated in state court. *Id.* Push Pedal Pull argued that Casperson could not consent to the co-defendant's notice of removal because Casperson waived the right to remove through the forum selection clause in his employment agreement. *Id.* at 928. In holding that the forum selection clause precluded Casperson's ability to consent to removal, the court stated the following: "If one defendant in a multi-defendant action contractually waives his right to removal, that defendant has waived his ability to consent to a co-defendant's removal; the defendants then cannot satisfy the unanimity requirement, and the case is subject to remand." *Id.* at 928 (citing *Medtronic*, 530 F. Supp. 2d at 1057). In the present case, however, there is no evidence that a forum selection clause precludes Eagle Creek's ability to consent to removal.

Second, VCDC asserts that one defendant's offensive or defensive trial actions can preclude a later-served co-defendant's ability to remove a case to federal court. Docket 8 at 6 (citing *Onders v. Ky. State Univ.*, 2011 WL

7

6009643, at *3 (E.D. Ky. Dec 1, 2011)). In *Onders*, the plaintiff sued a university on an age discrimination claim. *Onders*, 2011 WL 6009643, at *1. After approximately two years of litigation, the plaintiff obtained leave to amend his complaint to assert the same claims against additional defendants. *Id.* With the university's consent, the later-served defendants filed a notice of removal. *Id.* But when the plaintiff filed a second-amended complaint, the later-served defendants were dismissed from the case. *Id.* In its opinion remanding the case to state court, the United States District Court in the Eastern District of Kentucky found that the university's prior litigation conduct not only waived its right of removal but also its ability to consent to removal. *Id.* at *3. The court noted specifically that the case had been "actively litigated" through extensive discovery and through the university's motion for summary judgment. *Id.* at *1. Here, the later-served defendants have not been dismissed from the case, and they maintain their statutory right of removal. So the issue before this court is whether Eagle Creek's actions in state court constitute a waiver of its right to consent to removal, which renders the case subject to remand.

There are competing interests pertaining to the determination of whether Eagle Creek has waived its right to consent to removal. On one hand, later-served defendants have a statutory right of removal. 28 U.S.C. § 1446(b) establishes that each defendant shall have 30 days after service of process to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B). Additionally, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, *any* earlier-served defendant may consent to the removal even though

8

that earlier-served defendant did not previously initiate or consent to removal." *Id.* at (b)(2)(C) (emphasis added). Because "any earlier-served defendant may consent to removal[,]" *id.*, the statute appears to support Eagle Creek's ability to consent to removal.

On the other hand, Eagle Creek filed a counter claim, a cross-motion for summary judgment, and conducted significant discovery in state court before the later-served defendants filed their notice of removal. And a broad range of precedent establishes that a defendant can waive its right of removal based on actions it takes before filing a notice of removal. *See PR Grp., LLC,* 792 F.3d at 1026; *Resolution Trust Corp. v. Bayside Developers,* 43 F.3d 1230, 1240 (9th Cir. 1994); *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 58 (4th Cir. 1991); *May v. Bd. of Cty. Comm'rs for Cibola Cty.*, 945 F. Supp. 2d 1277, 1297 (D.N.M. 2013). Sound reasoning could support a holding that extensive litigation conduct also waives the ability to consent to removal. *See Onders*, 2011 WL 6009643, at *1.

After weighing the competing interests, the court finds that because VCDC decided to amend its complaint and assert independent causes of action against new defendants, the interests weigh in favor of upholding the later-served defendants' statutory right of removal. Even though VCDC has cited a valid exception pertaining to a forum-selection clause, it cites no binding precedent establishing that Eagle Creek's litigation conduct can preclude a later-served defendant from exercising a statutory right of removal. "The Court should be especially reluctant to take away one defendant's Congressionally-

bestowed right to remove because of another defendant's actions." *May*, 945 F. Supp. 2d at 1300. As such, the court finds that Eagle Creek's litigation conduct does not constitute a waiver of its right to consent to the later-served defendants' notice of removal. Thus, defendants have satisfied the unanimous consent requirement, and VCDC's motion to remand is denied.

## CONCLUSION

28 U.S.C. § 1446 establishes that a defendant has thirty days to file a notice of removal in a United States District Court after it has been served with a summons and complaint. 28 U.S.C. § 1446 also establishes that a later-served defendant has the right to file a notice of removal despite an earlier-served defendant's waiver of the right to do so. Because VCDC elected to file an amended complaint that asserts new causes of action against additional defendants, the court finds that the later-served defendants' statutory right of removal outweighs any competing interests associated with Eagle Creek's waiver of its right of removal. Thus, it is

ORDERED that the motion to remand (Docket 6) is DENIED.

IT IS FURTHER ORDERED that the motion to stay proceedings (Docket 9) is DENIED as moot.

IT IS FURTHER ORDERED that the motion to strike (Docket 17) is DENIED.

Dated May 13, 2016.

BY THE COURT:
/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE